

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-18-2003

# USA v. Vehoski

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2395

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Vehoski" (2003). *2003 Decisions.* Paper 451.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/451

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 02-2395

———————

UNITED STATES OF AMERICA

v.

MARY ALICE VEHOSKI,
                                              Appellant

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
D.C. Crim. No. 00-cr-00292
District Judge:  The Honorable Thomas I. Vanaskie, Chief Judge

———————

Submitted Under Third Circuit LAR 34.1(a)
June 6, 2003

———————

Before: BARRY, FUENTES, <u>Circuit Judges</u>, and McLAUGHLIN,[*] <u>District Judge</u>

———————

(Opinion Filed: June 17, 2003)

———————

OPINION

———————

—————————————

[*]Honorable Mary A. McLaughlin, United States District Judge for the Eastern District
of Pennsylvania, sitting by designation.

BARRY, <u>Circuit Judge</u>

Appellant Mary Alice Vehoski pled guilty to one count of health care fraud, pursuant to 18 U.S.C. § 1347, based on an indictment charging that a company she owned, Nurses Per Diem, billed Blue Cross for reimbursement of over $70,000 in nursing services that were never provided to patients between September 1996 and September 1998. After crediting her acceptance of responsibility, the presentence investigation report calculated that Vehoski had an adjusted offense level of 15 and 0 criminal history points, for which the sentencing guidelines recommend a sentence of 18-24 months. The District Court imposed the minimum sentence of eighteen months, finding no reason to downwardly depart. Vehoski filed a notice of appeal *pro se*, and current counsel was appointed. We denied his motion to withdraw as counsel, and this appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and will affirm.

Vehoski's counsel filed an appellate brief raising only one issue: whether Vehoski's sentence violates her Eighth Amendment right to be free from cruel and unusual punishment. This claim is based on the alleged cruelty of preventing Vehoski from caring for her three young children for eighteen months while she serves her term of imprisonment. "[F]amily ties and responsibilities ... are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." *United States v. Sweeting*, 213 F.3d 95, 99, 102-13 (3d Cir. 2000) (quoting § 5H1.6) (the fact that defendant was single parent providing for five children, one of whom had

Tourette's Syndrome, did not constitute extraordinary circumstances justifying downward departure). Moreover, an eighteen-month sentence for defrauding a victim of over $70,000 is not "grossly disproportionate" to the crime. *Lockyer v. Andrade*, 123 S.Ct. 1166, 1173 (2003). Therefore, this issue is patently frivolous.

Moreover, based upon our independent review of the record, we conclude that the District Court's sentence comports with the applicable law and the sentencing guidelines. *See* 18 U.S.C. § 1347; U.S. SENTENCING GUIDELINES §§ 2B1.1(b)(1)(E), 3B1.3, 3C1.1. The record reveals compliance with Federal Rules of Criminal Procedure 11 and 32 in the conduct of the plea hearing and in the procedure followed at sentencing. We do not have jurisdiction to review a reasonable sentence within the applicable guidelines range. *See* 18 U.S.C. § 3742(a); *United States v. Denardi*, 892 F.2d 269, 271-72 (3d Cir. 1989).

We affirm.

/s/ Maryanne Trump Barry
Circuit Judge